# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ROBERT RAY HUNTER,

    Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

Case No. CIV-13-366-RAW
(Underlying Case No. CR-04-036)

## ORDER

Before the court is Robert Ray Hunter's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [Docket No. 1] filed August 16, 2013. On April 20, 2004, Petitioner pled guilty to Count 1 of the Indictment, being a felon in possession of a firearm in a violation of 18 U.S.C. § 922(g)(1). On August 10, 2004, Petitioner was sentenced. The court found him subject to the armed career criminal enhanced punishment provisions of 18 U.S.C. § 924(e)(1) and committed him to the custody of the Bureau of Prisons for a term of 180 months. Judgment was entered on August 16, 2004. Petitioner did not file a direct appeal.

Petitioner raises one ground for relief. He argues that under the recent Supreme Court holding in <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), the armed career criminal enhancement does not apply to him because, he argues, the Oklahoma second-degree burglary statute under which he was convicted is an indivisible statute. He requests that his sentence be vacated and that he be re-sentenced without the enhancement.

A one-year period of limitation applies to habeas motions. 28 U.S.C. § 2255; <u>United States v. Ramos</u>, 150 Fed.Appx. 752, 753 (10th Cir. 2005). The limitation period runs from the

latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

Generally, the limitations period runs from the date on which the judgment of conviction becomes final. Ramos, 150 Fed.Appx. at 753. Since Petitioner did not file an appeal, the judgment of conviction became final when the ten (10) day period for appeal[1] provided by Fed. R. App. P. 4(b)(1)(A)(i) expired. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.").

Petitioner's judgment of conviction became final and his one-year limitation period for filing a § 2255 motion began to run on August 30, 2004. Petitioner's deadline for filing a § 2255 motion was one year later, August 30, 2005. Petitioner filed his motion nearly eight years past this deadline.

Clearly, Petitioner believes that 28 U.S.C. § 2255 (f)(3) applies. He argues that Descamps is a new rule of constitutional law. Petitioner's motion may be timely if he is

---

[1]At the time of Petitioner's Judgment and Commitment, the period for appeal was ten (10) days, excluding holidays and weekends, from the date of the judgment of conviction. As of December 1, 2009, the period for appeal is fourteen (14) calendar days from the date of the judgment of conviction.

asserting a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The court, therefore, looks to Descamps to determine whether it newly recognizes a right, is retroactively applicable to cases on collateral review, and if so, whether Petitioner is correct that under the new rule, he is not subject to the armed career criminal enhancement.

"The Armed Career Criminal Act (ACCA or Act), 18 U.S.C. § 924(e), increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary, arson, or extortion.'" Descamps, 133 S.Ct. at 2281. In determining whether a past conviction qualifies as one of these "predicate offenses," the Supreme Court has approved the use of a "categorical approach" and a "modified categorical approach." Id. The "categorical approach" is to compare the elements of the underlying statute with the elements of the "'generic' crime– i.e., the offense as commonly understood." Id. The elements of "generic burglary" are "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id at 2283. To qualify as a predicate offense, the underlying statute must include each element of the generic offense. Id.

A "modified categorical approach" is used when the "prior conviction is for violating a so-called 'divisible statute.'" Id. at 2281. A divisible statute conforms to the elements of the generic crime, but "sets out one or more elements in the alternative–for example, stating that a burglary involves entry into a building *or* an automobile." Id. When one alternative matches a generic offense element, but the other does not, the modified categorical approach allows courts to look to the record to determine which alternative formed the basis of the prior conviction. Id. As the Government points out, this approach was first applied by the Supreme Court in Taylor v.

3

United States, 494 U.S. 575 (1990). The modified categorical approach is a tool that helps implement the categorical approach when the underlying statute is divisible; it is not an exception. Descamps, 133 S.Ct. at 2285.

Before the Supreme Court in Descamps was whether the California burglary statute could serve as a predicate offense under the ACCA. The California burglary statute defined burglary more broadly than the generic offense, including simple shoplifting. Descamps, 133 S.Ct. at 2285. It did not require breaking and entering. Id. at 2286. The district court used the modified categorical approach to determine that the defendant had committed the generic offense and consequently enhanced his sentence under the ACCA.

The Supreme Court pointed out that its precedent never allowed such a use of the modified categorical approach. Id. at 2283-93. The modified categorical approach is only to be used when a statute that otherwise conforms to the generic offense, including all of the elements, sets out one or more of those elements in the alternative. Id. Because the California statute did not include the unlawful entry element, an element of the generic offense, it was not a "divisible" statute to which the modified categorical approach could be applied. Id.

The Government is correct in its argument that Descamps did not recognize a new right. Instead, the Supreme Court simply applied current law to the facts before it. In fact, the Supreme Court noted that it had indicated in Taylor "that the very statute at issue" could not be a predicate offense because it did not include all of the elements of generic burglary. Id. at 2283. Accordingly, § 2255(f)(3) is not applicable. Petitioner's motion is untimely.

Furthermore, the court notes, had Petitioner's motion been timely, the ruling in Descamps would not change the outcome of Petitioner's case. Unlike California's burglary statute,

Oklahoma's second-degree burglary statute[2] includes all of the elements of generic burglary, including unlawful entry.

Accordingly, Defendant's § 2255 motion [Docket No. 1] is hereby DENIED.

It is so Ordered this 6th day of March, 2014.

**Dated this 6th day of March, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.
21 OKLA. STAT. § 1435